# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MAQUEIRA,<br><br>    Petitioner,<br><br>    v.<br><br>NEIL H. ADLER, Warden<br><br>    Respondent. | 1:08-cv-01167-DLB (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, AND DIRECTING CLERK OF COURT TO TERMINATE ACTION<br><br>[Doc. 11] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 3, 13.)

### BACKGROUND

Petitioner is currently incarcerated at Taft Correctional Institution (TCI) in Taft, California, pursuant to a conviction arising out of the United States District Court for the Southern District of Florida for conspiracy to commit Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence. He was sentenced to 106 months in prison and ordered to pay $200.00 in assessments and $246,168.00 in total restitution. (Exhibit B, attached to Motion.) The abstract of judgment issued by the sentencing court outlined Petitioner's restitution payment schedule and stated, "these payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." (Id.)

Upon arrival at the TCI, Petitioner entered into the Inmate Financial Responsibility

1  Program (IFRP).  Petitioner's IFRP contract executed on April 22, 2008 specifies that he is to
2  pay $50.00 quarterly, in satisfaction of his fines, beginning on June 9, 2008.  (Exhibit C, attached
3  to Motion.)
4       Petitioner filed the instant petition for writ of habeas corpus on August 11, 2008.  (Court
5  Doc. 1.)  Respondent filed the instant motion to dismiss on December 12, 2008.  (Court Doc. 11.)
6  Petitioner did not file a response.

## DISCUSSION

I.    Standard of Review

     Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  Petitioner is currently in the custody of the Taft Correctional Institute, in California, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).

///

II.     Exhaustion Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

Respondent does not address whether Petitioner has exhausted the administrative remedies. However, even assuming Petitioner has not exhausted his remedies, the Court finds that, in this instance, exhaustion shall be excused, as it appears it would have been futile because the claims in all likelihood would have been rejected. Futility is an exception to the exhaustion requirement. Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004), citing S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 n.4 (9th Cir. 1981) ("exceptions to the general rule requiring exhaustion cover situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.") As such, the Court will reach the merits of Petitioner's claims.

III.    Constitutionality of Financial Responsibility Program

Petitioner contends that the Bureau of Prisons (BOP) has arbitrarily increased his restitution payments and he requests relief from such scheduled payments. (Petition, at 3b.)

The IFRP is defined as follows:

> The Bureau of Prisons encourages each sentenced inmate to meet his or her legitimate financial obligations. As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and

3

|   |   |
|---|---|
| 1 | demonstrated level of responsibility.  The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmate in holdover status pending designation. |
| 2 | |

3  28 C.F.R. § 545.10.

4  Pursuant to the IFRP, "'unit staff' develop a financial plan for each inmate and monitor

5  his or her progress in adhering to that plan." 28 C.F.R. § 545.11.  Participation in the IFRP is

6  voluntary and carries certain advantages and consequences.  See 28 C.F.R. § 545.11(d).  The

7  Ninth Circuit has recently addressed the very same issue presented here and held that the Bureau

8  of Prisons may require inmates who participate in the Bureau's IFRP to pay restitution to victims

9  at a higher or faster rate than was specified by the sentencing court, without obtaining an order

10  from the sentencing court directing, or approving, the larger payments. U.S. v. Lemoine 546 F.3d

11  1042, 1046 (9th Cir. 2008).  Although the Mandatory Victims Restitution Act (MVRA) "forbids

12  the wholesale delegation of scheduling responsibility to the BOP, nothing in the text of the

13  statute or [prior Ninth Circuit] decisions places any limits the BOP's operation of an independent

14  program, such as the IFRP, that encourages inmates voluntarily to make more generous

15  restitution payments than mandated in their respective judgments." Id. at 1048.  The only duty

16  that is non-delegable under the MVRA is that of "scheduling restitution payments." Id. at 1047-

17  1048.

18  The Ninth Circuit's holding in Lemoine dispells Petitioner's claim.  Here, Petitioner was

19  sentenced to 106 months in prison, $200.00 in assessments, and $234,318.00 in total restitution.

20  (Exhibit B, attached to Motion.)  The sentencing court outlined a specific restitution schedule and

21  indicated in the abstract of judgment that the "payments did not preclude the government from

22  using other assets or income of the defendant to satisfy the restitution obligations."  (Id.)  BOP

23  Program Statement 5380.08, IFRP states "ordinarily, the minimum payment for non-UNICOR ...

24  inmates will be $25.00 per quarter.  This minimum payment may exceed $25.00, taking into

25  consideration the inmate's specific obligations, institution resources, and community resources."

26  (Exhibit D, attached to Motion.)

27  Petitioner voluntarily entered into the IFRP to facilitate repayment of his fines.  (Exhibit

28  C, attached to Motion.)  The Ninth Circuit's holding in Lemoine is clear that "the BOP's

operation of the IFRP does not constitute an unlawful delegation of authority to schedule restitution payments in violation of the MVRA." Id. at 1046.  Therefore, Petitioner's claim is without merit and should be dismissed with prejudice.

IV.     <u>Inmate Financial Responsibility Program is Voluntary</u>

Petitioner further contends that his enrollment in the IFRP was involuntary because he felt threatened into participation. (Petition, at 3b.) The benefits and consequences of participation in the program are considered a persuasive rewards program to those inmates who chose to participate in the repayment of their debt to the victims and society. Although refusal to participate in the IFRP results in the forfeiture of certain benefits and potential consequences, inmates (such as Petitioner) do not have an pre-existing or absolute right to receive such benefits or to be free from the consequences associated with participation in the IFRP. <u>Lemoine</u>, at 1049. Furthermore, the consequences the BOP imposes on those inmates who refuse to participate in the IFRP are "reasonably related to the legitimate penological interest of rehabilitation." <u>Id</u>.

In <u>Lemoine</u>, the Ninth Circuit rejected the same argument Petitioner presents here, and stated, "an inmate is free to decline to participate in the IFRP" even though "the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences" as set forth in 28 C.F.R. section 545.11(d).  The Court found that "the use of incentives to encourage compliance in a rehabilitative program does not render it unconstitutional or unlawful." <u>Id</u>. at 1049, quoting <u>McKune v. Lile</u>, 536 U.S. 24, 39 (2002) (plurality).

Here, the sentencing court specifically set out a restitution payment plan for Petitioner, and he voluntarily entered into the IFRP and agreed to make quarterly payments of $50.00. (Exhibit C.) It now appears that Petitioner is seeking to remain to receive the benefits of participation in the IFRP, but requests that the Court modify only the increase in the amount of the contractual obligation in making quarterly payments.  However, because the IFRP program and the benefits and consequences associated with participation are constitutional, it does not constitute an unlawful delegation of authority for the BOP to schedule restitution repayments.  In addition, the fact that Petitioner will suffer consequences for failure to participate in the IFRP

does not render the program involuntary and/or unconstitutional, as the consequences relate to the legitimate penological interest of rehabilitation.

## CONCLUSION AND ORDER

Based on the foregoing, Petitioner's claim fails on the merits and it is HEREBY ORDERED that:

1. Respondent's motion to dismiss is GRANTED;
2. The instant petition for writ of habeas corpus is DISMISSED with prejudice; and
3. The Clerk of Court is directed to terminate this action and enter judgment.

IT IS SO ORDERED.

Dated:  **January 13, 2009**             /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE